## Sadie M. Cooney, Defendant in Error, v. Chicago City Railway Company, Plaintiff in Error.

### Gen. No. 14,806.

VERDICTS—*when not disturbed.* A verdict not manifestly against the weight of the evidence will not be set aside on review.

Action in case for personal injuries. Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed December 23, 1909.

CHARLES J. GOULD and FERDINAND GOSS, for plaintiff in error; JOHN R. HARRINGTON, of counsel.

W. A. MORROW, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

This writ of error brings before us for review the record of a judgment for $550 recovered by plaintiff in an action for personal injuries alleged to have been sustained by plaintiff through the negligence of the defendant. Defendant operated in State street, south of Madison, a double track cable street railroad. The northbound cars ran on the east track to Madison street, around a curve to the east into Madison, around a loop into State street several blocks north of Madison, and then south in the west track in State street across Madison street. The curved track leading from State street into Madison street left the northbound track in State street a few feet south of the south line of Madison street. From that point south the tracks were four feet and nine inches apart. From that point north the distance between the track leading into Madison street and the west or southbound track in State street increased rapidly, as the former curved sharply to the east and the latter slightly to the west. In passing around the curve the rear end of a car was thrown

out to the west two or three feet farther from the rail than it was when on a straight track.

Plaintiff, just before she was injured, started to go east across State street from the southwest corner of State and Madison. When she came near to the east track a train was approaching from the south in that track, and she stopped to let the train pass in front of her. As she stood waiting for that train to pass, a train came from the north in the west track. She stood so near to the east track that as the train went around the curve the rear end of one of the cars struck her and threw her against one of the cars of the southbound train and injured her. She testified that when she started to cross the street she saw the train coming from the south and also the train coming from the north; that the latter was then some distance north of Madison street; that she thought she could cross in front of both trains, but when she came near to the east track saw that the gripcar was only a few feet south of her, and decided to wait for that train to pass in front of her. There was evidence on the part of the defendant tending to show that when plaintiff crossed the southbound track she passed only a few feet from and in front of the gripcar of the southbound train. We cannot say that from the evidence the jury might not properly find that plaintiff, in attempting to cross the street at the time and under the circumstances shown by the evidence, was in the exercise of reasonable care for her own safety.

It is not claimed that defendant was guilty of negligence in respect to the operation of the northbound train. Plaintiff's position as she stood near the curved northbound track and between that track and the southbound track, with a train going around the curve on one track and a train approaching from the north on the other, was one of peril. The distance between the tracks at the point where she stood was between five and six feet. Possibly there was a point between the tracks where she might have stood and not been struck by a car of either train. Clearly she

might have gone to the north and avoided danger of injury from either train. But she testified that there were teams passing both east and west in Madison street and teams passing in State street; that she became bewildered, looked for a way to escape, saw none and so stood still. Placed as she was in a position of danger, the exercise of reasonable care for her own safety did not require her to act with the same deliberation, coolness, foresight and good judgment which the exercise of such care would demand and require of her under ordinary circumstances. We cannot say that the jury might not from the evidence properly find that plaintiff was in the exercise of reasonable care for her own safety from the time she stopped to let the northbound train pass in front of her, until she was struck and injured.

That plaintiff, in the place where she stood between the tracks was in a dangerous position, is shown by the fact that she was there struck by the rear end of a car in the northbound train and thrown against a car of the southbound train and injured. Plaintiff was on a public street at the usual place of crossing said street. She could not go forward because a train was passing in front of her on the east track, and under the circumstances stated defendant ran its southbound car behind her and near to her. We think that under the evidence in the case the question whether the gripman, after he discovered, or by the use of reasonable care would have discovered, that plaintiff was in a position where she was in danger of injury from his car if it was not stopped, used reasonable care to stop his car, the question whether, if he had used reasonable care, he could have stopped the car before it came near to the plaintiff, and the question whether the defendant was guilty of negligence which directly caused or contributed to plaintiff's injury, were all questions on which the verdict of the jury must be held conclusive against the defendant.

The judgment will be affirmed.

*Affirmed.*